IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WUNDERLICH-MALEC SYSTEMS, INC., | ) |
| | ) |
| Plaintiff-Counterdefendant, | ) |
| | ) No.  05 C 4343 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| EISENMANN CORPORATION, | ) |
| | ) |
| Defendant-Counterplaintiff. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wunderlich-Malec Systems, Inc., filed suit against defendant, Eisenmann Corp., seeking damages under theories of breach of contract (Count I), unjust enrichment (Count II), open account (Count III), and account stated (Count IV).

Defendant answered plaintiff's complaint, asserting various affirmative defenses and a counterclaim. Plaintiff answered defendant's counterclaim and asserted numerous affirmative defenses of its own, which defendant moved to strike. In response to defendant's motion to strike, plaintiff amended its affirmative defenses. Because defendant elected not to attack plaintiff's amended affirmative defenses, the court considers defendant's motion to strike as withdrawn.

In addition, defendant moved to dismiss Counts II, III and IV of plaintiff's complaint with prejudice, and to dismiss Count I or, alternatively, to strike the allegations of Count I that are inconsistent with the contract attached to plaintiff's complaint. With respect to Count I, defendant argues that the express terms of the contract are at variance with the allegations of the complaint because the contract plaintiff attached did not include subsequent Work Orders entered into by the parties. As for the remaining counts, II, III and IV, defendant argues that

Alabama law precludes plaintiff from pleading quasi-contract claims where there is an express contract between the parties. For the reasons discussed herein, defendant's motion to dismiss is denied.

## **STATEMENT OF FACTS**

Defendant, a Delaware corporation with its principal place of business in Illinois, was hired by Hyundai Motor Manufacturing, Inc., a manufacturer of motor vehicles, to construct a new body and press shop at its manufacturing plant in Montgomery, Alabama. Soon thereafter, defendant hired plaintiff, a Minnesota corporation with its principal place of business in Minnesota, as a subcontractor to perform electrical engineering work on the press shop conveyors at the plant.

The parties entered into a written purchase order agreement whereby plaintiff was contracted to provide the electrical engineering, fabrication, and delivery of the control panels, software, start-up work and commissioning of the system for $1,400,000. The contract expressly disclaimed that plaintiff would perform any electrical installation work.

The contract also contains a choice of law provision, providing that the contract shall be interpreted according to Alabama law, and a choice of venue clause, whereby the parties agreed to venue in Chicago, Illinois. It further provides that the parties can modify or change the terms of the contract pursuant to a written work order. Neither party disputes the enforceability of these provisions.

Plaintiff asserts that defendant prohibited it from performing in accordance with the contract by changing the scope of plaintiff's work, withholding necessary information that delayed plaintiff's progress, and failing to correct its own deficient work. Because of

2

defendant's actions, plaintiff contends that it was forced to incur substantial additional costs for labor and materials.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court will dismiss a claim only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chaney v. Suburban Bus Div.*, 52 F.3d 623, 627 (7th Cir. 1995) (quoting Fed. R. Civ. P. 12(b)(6)). The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## DISCUSSION

With respect to defendant's motion to dismiss counts II-IV, the issue is whether Alabama law permits plaintiff to seek recovery under theories of unjust enrichment, open account and account stated where it is undisputed that there is an express contract between the parties. Plaintiff asserts that rule 8(e)(2) of the Federal Rules of Civil Procedure, which allows a party to "state as many separate claims or defenses as the party has regardless of consistency," permits it to plead breach of contract in addition to alternative theories of recovery. Fed. R. Civ. P. 8(e)(2). Defendant, in contrast, argues that under Alabama law the express contract entered into by the parties precludes plaintiff from seeking recovery under theories of unjust enrichment or other quasi-contractual claims.

Under Alabama law, "claims of express and implied contract regarding the same subject matter are *generally* incompatible." *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996). One cannot recover under an implied contract where an express contract exists, unless it is shown that "the express contract [has been] performed as to all but payment for the services, or that the other party has breached the express contract and thus prevented performance." *Hendrix, Mohr & Yardley, Inc. v. City of Daphne*, 359 So. 2d 792, 796 (Ala. 1978). A "party may recover for work and labor done in excess of the written requirements of the contract where that aspect is not of the type which must be in writing and where there is mutual assent." Id. In the instant case, plaintiff asserts that it not only "performed all of its obligations" under the initial agreement, but that it was required to and did performed services beyond those set out in the attached contract.[1] Because it is unclear whether a written contract covered all of the work performed by plaintiff, it is entitled seek recovery for any work no so covered under an implied contract theory. Accordingly, the motion to dismiss Counts II, III and IV is denied.

With respect to count I, defendant moves to strike certain "inconsistent allegations" in plaintiff's complaint, arguing that the allegations are at variance with the express terms of the attached contract. Relying on *McCullough v. Alabama By-Prods Corp.*, 343 So. 2d 508, 510 (Ala. 1977), which held that an exhibit attached to a pleading is incorporated into the pleading and controls over any variance in the allegations of the pleading, defendant argues that plaintiff's claim for $3,079,184 is unwarranted given that the contract attached to the complaint sets forth a

---

[1] Plaintiff attached only the "base contract" to its complaint. Defendant, however, attached to its answer the base contract and the work change orders as the "complete version" of the contract.

price of $1,400,000. Although the discrepancy between the values is clear, plaintiff contends that it was requested to perform work in addition to that required by the base contract, and seeks payment for that work either by an express contract (by way of the work orders) or by alleging an implied contract. Therefore, because plaintiff's complaint meets the federal notice pleading requirement, defendant's motion to strike is denied.[2]

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss is denied. Defendant is ordered to file its answer to Counts II, III and IV of the complaint on or before April 28, 2006. The parties are directed to confer and file a joint status report using the court's form on or before April 30, 2006. The April 12, 2006, status report is continued to May 5, 2006, at 9:00 a.m.

**ENTER:** **April 11, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2] Federal courts require a plaintiff to set forth only a "short and plain statement of the claim" upon which the plaintiff bases his cause of action. Fed. R. Civ. P. 8(a).